IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

GLENN A. WILLIAMS                                                          PETITIONER

v.                                        5:05CV00066 JFF

LARRY NORRIS, Director,
Arkansas Department of
Correction                                                                 RESPONDENT

## ORDER DENYING
## CERTIFICATE OF APPEALABILITY

Petitioner has filed a notice of appeal from the judgment entered in this case. By an order and judgment entered on October 20, 2005, this Court dismissed Petitioner's petition for writ of habeas corpus, finding that the following claims were procedurally barred: Petitioner's claim that counsel was ineffective for failing to file a pretrial motion objecting to the admission of a transcribed statement by Rhonda Mohlke, his claim that the State violated his right to due process and Brady by failing to disclose an exculpatory statement by Jeffrey McConnaha, his claim that the State violated Petitioner's right to due process and Brady by withholding exculpatory evidence of a tape recording of an interview with Rhonda Mohlke, and his claim that the State violated Petitioner's right to due process by failing to demonstrate the unavailability of Rhonda Mohlke and to make a good faith effort to obtain her as a witness at trial before it claimed the "unavailability exception to the confrontation requirement." With respect to Petitioner's claims that counsel was ineffective for failing to make an accomplice-

corroboration argument as part of his directed verdict motion, failing to make, in his motion to suppress, specific objections concerning portions of the affidavit in support of an application for a search warrant, failing to correct highly prejudicial character testimony concerning prior bad acts of Petitioner, and failing to object to the admission of Rhonda Mohlke's statement at trial, the Court found that Petitioner had not shown that the Arkansas Supreme Court's adjudication of the claims (1) resulted in a decision that was contrary to, or involved an unreasonable application of, Strickland v. Washington, 466 U.S. 668 (1984), or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Where an applicant files a notice of appeal in a proceeding in which the detention complained of arises from process issued by a state court, the district court must either issue a certificate of appealability or state why a certificate should not issue. Fed. R. App. P. 22(b)(1); Slack v. McDaniel, 529 U.S. 473, 483 (2000). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing is a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. at 483-84 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 894 (1983)). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong." Slack, 529 U.S. at 484; Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). In order to obtain a certificate of appealability on a claim that the district court denied on procedural grounds without reaching the underlying merits of the constitutional claim, a petitioner must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added); Khairmov v. Crist, 297 F.3d 783, 785 (8th Cir. 2002). In making his two part inquiry, a court may proceed first "to resolve the issue whose answer is more apparent from the record and arguments. Slack, 529 U.S. at 485. A certificate of appealability must identify each issue meeting the "substantial showing" standard. 28 U.S.C. § 2253(c)(3); Hunter v. Bowersox, 172 F.3d 1016, 1020 (8th Cir. 1999).

Petitioner has not identified each issue meeting the substantial showing standard, and he has not shown that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong. Furthermore, Petitioner has not demonstrated that jurists of reason would find it debatable whether his petition states a valid claim of the denial of a constitutional right or that jurists of reason would find it debatable whether the Court was correct in its procedural ruling. Accordingly, the Court finds that a certificate of appealability should not issue.

IT IS SO ORDERED this 1st day of November, 2005.

_____
UNITED STATES MAGISTRATE JUDGE